J-S72044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

J.D.S., | IN THE SUPERIOR COURT OF
PENNSYLVANIA

Appellee

v.

A.R.W.,

Appellant | No. 1247 WDA 2014

Appeal from the Order dated July 1, 2014,
in the Court of Common Pleas of Blair County,
Domestic Relations, at No(s): DR 00085-2014,
Pacses #011114503

BEFORE:  BENDER, P.J.E., SHOGAN, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 25, 2014**

A.R.W. (Mother) appeals from the order dated July 1, 2014, which directed that Mother's former paramour, J.D.S. (Paramour), was entitled to paternity testing.  After careful review, we reverse.

The instant matter relates to Mother's child, A.L.S. (Child), born in December of 2013.  At the time Child was conceived, Mother was engaging in a sexual relationship with both Paramour and another man, D.S. (Husband).  After Child was conceived, but before Child was born, Mother and Paramour ended their relationship, and Mother and Husband married.  Mother and Husband had two other children prior to Child, and all five of them now reside together as an intact family.

---

* Retired Senior Judge specially assigned to the Superior Court.

On February 26, 2014, Paramour filed *pro se* a Complaint to Establish Paternity and for Genetic Testing, in which he requested that a paternity test be performed to determine whether he was the biological father of Child. Argument on Petitioner's complaint was heard on April 14, 2014. Following argument, the trial court issued an order, dated July 1, 2014, in which it concluded that Paramour was entitled to a paternity test pursuant to 23 Pa.C.S. § 4343. Order, 7/1/2014, at 1-2. In reaching this decision, the court relied on Mother's statement during a prior protection from abuse (PFA) hearing against Paramour. *Id.* at 2. During the PFA hearing, which took place on August 29, 2013, Mother stated that Paramour was Child's father. N.T., 8/29/2013, at 5.

Mother filed a notice of appeal on July 29, 2014.[1] However, Mother failed to file a concise statement of errors complained of on appeal at the same time as her notice of appeal, as required by Pa.R.A.P. 1925(a)(2)(i). Mother filed an "Amendment to Notice of Appeal" on August 7, 2014, which included a concise statement.

Mother now raises the following issue for our review.

> The question on appeal is whether the trial judge erred in applying 23 PA C.S.A. § 4343 in this case by ordering blood tests to establish paternity when the child in question was born during wedlock; when the family (mother, child and

---

[1] "'This Court accepts immediate appeals from orders directing or denying genetic testing to determine paternity.'" **Barr v. Bartolo**, 927 A.2d 635, 639-40 (Pa. Super. 2007) (quoting **Buccieri v. Campagna**, 889 A.2d 1220, 1220 n.1 (Pa. Super. 2005)).

husband/presumptive father) are in an intact family; and, when no evidence was presented to overcome the presumption that the child in question is the child of the husband.

Mother's Brief at 4.

Our standard of review of a trial court's order related to paternity is whether the trial court abused its discretion. *D.M. v. V.B.*, 87 A.3d 323, 327 (Pa. Super. 2014) (citing *T.E.B. v. C.A.B.*, 74 A.3d 170, 173 n.1 (Pa. Super. 2013)).

In cases where a child is conceived or born during marriage, that child is presumed to be the offspring of his or her mother's husband. *Vargo v. Schwartz*, 940 A.2d 459, 463 (Pa. Super. 2007). This is referred to as the "presumption of paternity." *Id.* This Court has explained the presumption in the following manner.

> The presumption of paternity, *i.e.*, the presumption that a child conceived or born during a marriage is a child of the marriage, has been described by our Supreme Court as one of the strongest presumptions known to the law. The policy underlying the presumption is the preservation of marriages. Accordingly, our Supreme Court has held that the presumption of paternity applies only where the underlying policy to preserve marriages would be advanced by application of the presumption. When there is no longer an intact family or a marriage to preserve, then the presumption of paternity is not applicable.

> The presumption of paternity is unrebuttable when, at the time the husband's paternity is challenged, mother, her husband, and the child comprise an intact family wherein the husband has assumed parental responsibilities for the child. Under other circumstances, the presumption may be overcome by clear and convincing evidence that either of the following circumstances was true at the time of conception: the presumptive father, *i.e.*, the husband, was physically incapable of procreation because of impotency or sterility, or the

presumptive father had no access to his wife, *i.e.*, the spouses were physically separated and thus were unable to have had sexual relations. In Pennsylvania, impotency/sterility and non-access constitute the only ways to rebut the presumption of paternity. Notably, blood tests cannot be offered to rebut the presumption of paternity. A number of dissenting voices notwithstanding, it remains the law of this Commonwealth that [a] court may order blood tests to determine paternity only when the presumption of paternity has been overcome by proof of either impotency/sterility or non-access.

*Id.* at 463-64 (citations, quotation marks, and footnote omitted).

Instantly, Mother contends that Paramour's request for a paternity test is barred by the presumption of paternity. Mother's Brief at at 7-10. We agree.

It is undisputed that Child was born during the marriage of Mother and Husband. As a result, it was Paramour's duty to allege facts that, if proven at an evidentiary hearing, would overcome the presumption. He has failed to do so here. Paramour does not claim, nor has he ever claimed, that Mother, Husband, and Child, do not live together as an intact family, or that Husband has not assumed parental responsibility for Child. As a result, the presumption of paternity is unrebuttable. ***Vargo***, 940 A.2d at 463. Even if the presumption were rebuttable, Paramour has failed to aver that Husband was impotent or lacked access to Mother during the time Child was conceived. The law is clear that, absent such circumstances, the presumption of paternity continues to apply. ***Id.***

Accordingly, because we conclude that the trial court misapplied the law by concluding that Paramour was entitled to a paternity test, we reverse the order of the trial court.[2]

Order reversed.  Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2014

---

[2] Because we reverse on the grounds that Paramour was unable to overcome the presumption of paternity, we need not address Mother's argument that the trial court erred by applying 23 Pa.C.S. § 4343 to the present case because that statute applies only when a child is born outside of wedlock.